UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLAYTON R. POEHL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:06CV1737 CDP |
| OAK STREET MORTGAGE LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Clayton Poehl filed this Fair Credit Reporting Act case against defendant Oak Street Mortgage LLC who, after receiving service of process, has failed to plead or otherwise defend. The Clerk has entered default. A hearing was held on plaintiff's motion for default judgment as to liability and motion for leave of court to conduct discovery. Although I indicated to counsel at the hearing that I believed he was entitled to default judgment, I have now fully reviewed the complaint and believe that further briefing is necessary in order for the Court to be assured that default is appropriate.

The Court is required to exercise sound judicial discretion in determining whether default judgment should be entered. A defaulted defendant is bound as having admitted all of the well-pleaded allegations in the plaintiff's complaint. Angelo Iafrate Const., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir.

2004). However, "liability is not deemed established simply because of the default." Wright, Miller, &Kane, Federal Practice and Procedure: Civil 3d § 2688. "After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action." Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992). Although by default the defendant admits the well-pleaded factual allegations, he does not admit the legal conclusions of the complaint. Weft, Inc. v. G.C. Investment Assocs., 630 F. Supp. 1138, 1141 (E.D. N.C. 1986). Following an entry of clerk's default, a district court may dismiss a plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if notice is given to the plaintiff that the merits are to be considered, and the court accepts as true all facts alleged in plaintiff's complaint. Black v. Lane, 22 F.3d 1395 (7th Cir. 1994).

In this case, Poehl alleges that Oak Street Mortgage violated his rights under the Fair Credit Reporting Act by obtaining information about his credit without his consent in order to send him a mailing. Poehl asserts that the mailing he received from Oak Street was not a "firm offer of credit" as defined by the Act because it does not contain one or more of the following material loan terms: (1) amount of credit being extended; (2) interest rate of credit being extended; (3) amortization period of the credit being extended; and (4) method under which the interest on the credit being extended will be computed. However, a cursory review of the mailing, attached as an exhibit to Poehl's complaint, leads me to believe that the letter contains all four

of these loan terms.  As a result, plaintiff Poehl shall show cause in writing no later than **Friday June 8, 2007**, as to why the Court should legally conclude Oak Street's mailing was not a "firm offer of credit" and therefore grant default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause in writing no later than **Friday June 8, 2007**, as to why the Court should legally conclude that Oak Street's mailing was not a "firm offer of credit."

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2007.